Filed 4/19/23  S.J. v. Superior Court CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| S.J., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF KINGS COUNTY, <br><br> Respondent; <br><br> KINGS COUNTY HUMAN SERVICES AGENCY, <br><br> Real Party in Interest. | F085623 <br><br> (Super. Ct. Nos. 21JD0157, 21JD0158) <br><br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from orders of the Superior Court of Kings County.  Jennifer Lee Giuliani, Judge.

S.J., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

[*]     Before Peña, Acting P. J., Smith, J. and DeSantos, J.

Petitioner S.J., former foster parent, prospective adoptive parent[1] and paternal great-aunt for now three-year-old C.R. and two-year-old N.R. (the children), brings this petition for an extraordinary writ under Welfare and Institutions Code section 366.28,[2] in propria persona, challenging the juvenile court's finding that removing the children from her custody served the children's best interests.  (§ 366.26, subd. (n)(3)(B).)  She contends the court's decision to remove the children was based on inconclusive allegations and it was in their best interests to remain in her custody since she is a family member.  Real party in interest did not file a response.  We deny the petition.

## PROCEDURAL AND FACTUAL SUMMARY

The children were taken into protective custody in September 2021 and petitioner obtained emergency approval for placement.  Petitioner was an approved resource family home in Kings County from December 2014 to November 2016.  She was relicensed in December 2021 in order to obtain placement of the children.  In August 2022, parental rights were terminated and petitioner was reportedly committed to adopting the children. However, beginning in October 2022, the Kings County Human Services Agency (agency) began to receive multiple emergency response referrals regarding physical discipline, substance use by other individuals in the home, the condition of the home and petitioner making inappropriate childcare arrangements.  On November 22, 2022, the agency went to petitioner's home in response to a report of inappropriate discipline. Petitioner was not home and the children were being supervised outside by two adult children who were smoking marijuana.  Petitioner was aware of the licensing regulations

---

[1]    Although petitioner meets the criteria to qualify as a prospective adoptive parent under Welfare and Institutions Code section 366.26, subdivision (n)(1), the juvenile court did not grant her that designation.  For reasons more fully discussed post, we consider her a prospective adoptive parent for purposes of this petition.

[2]    Statutory references are to the Welfare and Institutions Code.

related to arranging proper and appropriate childcare for children in her home. The children were removed.

Allegations of physical abuse and marijuana use in the home were investigated. Petitioner denied spanking the children and other children in the home denied the children were spanked. Petitioner admitted her son smoked marijuana but said she did not allow marijuana in her home. She said she could not control individuals who smoked marijuana outside and entered her home smelling like marijuana. The allegations of physical abuse and marijuana use in the home were investigated and found to be inconclusive.

On November 28, 2022, the agency filed a "Notice of Emergency Removal" (JV-324), explaining it removed the children because petitioner allegedly used corporal punishment on then one-year-old N.R. and left the children in the care of her adult children who were using marijuana outside the home. The agency also cited an allegation petitioner physically abused her 12-year-old relative, which resulted in the imposition of a safety plan.

Petitioner filed an "Objection to Removal" (JV-325) and "Request for Prospective Adoptive Parent Designation" (JV-321).

Petitioner appeared with retained counsel on January 18, 2023, for a hearing on her request for prospective adoptive parent designation and objection to removal. County counsel did not dispute that petitioner qualified as the children's prospective adoptive parent but argued there was no point in granting her that designation if the juvenile court did not return the children to her. It argued against returning the children to her because of the concerns about drug use in the home and the children being left with inappropriate care providers. County counsel acknowledged that the investigation into physical abuse of the 12-year-old relative was inclusive but argued that petitioner did physically discipline the child which violated the child's rights and required the child's removal.

3

Minors' counsel joined in county counsel's argument and concurred with its recommendation to remove the children.

Petitioner's attorney pointed out that the children had been in petitioner's care for 14 months, a significant portion of their young lives, and petitioner was the only link between them and their biological family. Her attorney also argued she corrected everything required of her as part of her safety plan and asked that the children be returned to her custody.

The juvenile court found by a preponderance of the evidence that it was in the children's best interests to be removed from petitioner's custody and denied petitioner's request for prospective adoptive parent status in light of its decision to order the children removed.

**DISCUSSION**

*Section 366.26, Subdivision (n)*

Section 366.26, subdivision (n) governs the procedure for judicial review of emergency and nonemergency removals of dependent children from a prospective adoptive parent. (§ 366.26, subd. (n)(3) & (4).) A prospective adoptive parent is defined as "a current caretaker … if the child has lived with the caretaker for at least six months, the caretaker currently expresses a commitment to adopt the child, and the caretaker has taken at least one step to facilitate the adoption process." (§ 366.26, subd. (n)(1).)

In enacting section 366.26, subdivision (n), "the Legislature intended to 'limit the removal of a dependent child from his or her caretaker's home after parental rights are terminated, if the caretaker is a designated or qualified as a prospective adoptive parent, as defined, in order to "protect the stability and best interests of vulnerable children." ' [Citation.] The legislation was designed to correct the ' "nearly complete, unchecked authority" ' appellate courts had given to a child welfare agency to decide a dependent

4

child's adoptive placement after termination of parental rights." (*T.W. v. Superior Court* (2012) 203 Cal.App.4th 30, 44.)

Under the statute, an agency wishing to remove a child from the home of a prospective adoptive parent must notify the current caretaker if that caretaker would have met the threshold criteria to be designated as a prospective adoptive parent on the date of service of the notice. (§ 366.26, subd. (n)(3).) A caregiver who would have met the criteria to be designated as a prospective adoptive parent may file a petition for an order designating the caretaker as a prospective adoptive parent and a petition objecting to the removal. (§ 366.26, subd. (n)(3)(A).) If the prospective adoptive parent files a petition objecting to the removal, the juvenile court must conduct a hearing and "determine whether the caretaker has met the threshold criteria to be designated as a prospective adoptive parent" and whether the proposed removal of the child from the home of the designated prospective adoptive parent is in the child's best interest. (§ 366.26, subd. (n)(3)(A) & (B).) The agency bears the burden of proving by a preponderance of the evidence that the child's best interest requires removal. (*In re M.M.* (2015) 235 Cal.App.4th 54, 60.)

We review the juvenile court's best interest finding for substantial evidence. (*In re M.Ms*, *supra*, 235 Cal.App.4th at p. 64.)

*Substantial Evidence Supports the Juvenile Court's Removal Order*

As a preliminary matter, we note the juvenile court conducted the removal hearing without first determining whether petitioner met the threshold criteria to be designated the prospective adoptive parent and then denied her request to be so designated after deciding to remove the children. This was error. The statute requires the court to make the determination and it was undisputed petitioner met the criteria. In addition, it arguably deprived her standing to challenge the removal order on appeal because rather than petitioning as a former prospective adoptive parent, she petitions as a former foster

5

parent. Further, the agency and the juvenile court treated petitioner as if she were a prospective adoptive parent. The agency notified her of its intent to remove the children and the juvenile court conducted the hearing pursuant to section 366.26, subdivision (n). Moreover, real party in interest has not objected that petitioner is barred from challenging the removal order for lack of standing. Consequently, in the interest of justice, we will review the petition on the merits.

We conclude substantial evidence supports the juvenile court's removal order. Although petitioner had the children in her care for a substantial period of time, she also had ongoing issues that raised concerns about the children's safety. According to the record, petitioner's 12-year-old niece was temporarily removed from her custody in October 2022 amid allegations of physical abuse but returned with monitoring by the agency. In November 2022, petitioner reportedly grabbed then 21-month-old N.R. by the elbow and dragged him from the living room to a back room. The reporting party heard what sounded like N.R. being spanked and N.R. crying and trying to catch his breath. The children also reportedly appeared scared, intimidated and wide-eyed around petitioner and the house smelled like marijuana. An empty bottle that contained marijuana was found on a table within reach of the children. Given the ongoing concerns about petitioner's ability to safely parent children in her care, the juvenile court did not err in finding it was in the children's best interests to remove them.

## DISPOSITION

The petition for extraordinary writ is denied. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A) of the California Rules of Court.